UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REDEVELOPMENT AGENCY OF THE CITY OF SAN DIEGO,<br><br>                    Plaintiff,<br>v.<br><br>ROBIN HARTLEY,<br><br>                    Defendant. | Civil No. 02- 0097-L (LSP)<br><br>REPORT AND RECOMMENDATION GRANTING MOTION FOR TURNOVER ORDER IN AID OF EXECUTION AND RECOMMENDING INJUNCTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §708.180(d)<br>(52-1) |

This Report and Recommendation involves a Motion for Turnover Order in Aid of Execution seeking to order a third party to turn over property in partial satisfaction of a judgment. On May 31, 2006, this matter was referred to the undersigned for a Report and Recommendation.

**I.**

**BACKGROUND**

On October 15, 2002, a default judgment was entered in this action against Defendant Robin Hartley (hereinafter, "Defendant"). Redevelopment Agency of the City of San Diego (hereinafter, "Plaintiff"), subsequently commenced judgment enforcement proceedings in this Court pursuant to Federal Rule of Civil Procedure 69, including service of a writ of execution on Defendant's employer and a judgment debtor examination. On May 2, 2006, Plaintiff filed a Motion for Turnover Order in Aid of Execution. No Opposition to the Motion was filed.

1  Plaintiff asks that this Court order a third party, Kimsonn Prom (hereinafter, "Prom") to turn
2  over a 1998 Lincoln Navigator (hereinafter, "Navigator") in partial satisfaction of the judgment.
3  Plaintiff argues it should receive the Navigator because Defendant refuses to pay the judgment.
4  However, Prom claims that Defendant gave her the Navigator in satisfaction of a $3,000 debt Defendant
5  owed Prom (Exh. 1).  Plaintiff suggests that Defendant's relinquishing the Navigator to Prom is a
6  "transparent attempt to place assets beyond the reach of Creditor and this Court" because, (1) at the time
7  of transfer, the Navigator was worth $15,000, making the transfer in satisfaction of a $3,000 debt
8  unlikely (Mem. at 2, 4); (2) Prom and Defendant have been social and financial partners (Mem. at 2;
9  Declaration of Bryan D. Sampson at 2); and (3) the vehicle is still registered in Defendant's name
10 (Declaration of Howard Rhoads at 2).  Thus, Plaintiff argues the Navigator is subject to a turnover order
11 because it still belongs to Defendant.

## II.

## LEGAL STANDARD

14 Procedures in aid of execution "shall be in accordance with the practice and procedure of the
15 state in which the district court is held...." Fed. R. Civ. P. 69(a).  Under California law, the court may
16 create a lien on a judgment debtor's interest in property possessed or controlled by a third party. Cal.
17 Code Civ. Proc. § 708.205(a).  If a third person is examined and claims an interest in the property
18 adverse to the judgment debtor and the court has not determined the interests in the property, the court
19 may not create a lien on the property possessed or controlled by the third person. Cal. Code Civ. Proc.
20 §§ 708.205(b), 708.180(a). However, "[u]pon application of the judgment creditor upon noticed motion,
21 the court may, if it determines that the judgment debtor probably owns an interest in the property...
22 make an order forbidding the transfer or other disposition of the property to any person" until the court
23 determines the interests in the property. Cal. Code Civ. Proc. § 708.180(a), (d).  If the court issues a
24 708.180(d) injunctive order, it is required that an undertaking on the part of the judgment creditor be
25 furnished "to the effect that the applicant will pay to the party enjoined any damages, not exceeding an
26 amount to be specified, the party may sustain by reason of the injunction, if the court finally decides that
27 the applicant was not entitled to the injunction." Cal. Code Civ. Proc. §§ 708.180(d); 529.  "The amount
28 of bond is fixed by the judge, exercising sound discretion, based on the probable damage the enjoined

party may sustain because of the injunction." <u>Hummell v. Republic Fed. Savings & Loan Assn.</u>, 133 Cal.App.3d 49, 51 (1982); See also Cal. Code Civ. Proc. §§ 995.190, 995.140(a)(2) (implying "undertaking" and "bond" are synonymous). If, at a later time, the enjoined party, "discovers further possibilities of damages arising during the pendency of the litigation and makes a proper showing of the possibility of such damages, the court may require plaintiff to increase the amount of his undertaking as a condition of the continuance of injunctive relief." <u>Dickey v. Rosso</u>, 23 Cal. App. 3d 493, 498 (1972).

A creditor may make a demand that a secured party or lien holder file a third party claim to personal property that has been levied upon under a writ of attachment or a writ of execution. Cal. Code Civ. Proc. §720.510. After the secured party is served with the demand, he/she must respond within thirty days after service of the demand. Cal. Code Civ. Proc. §720.550(a)  If the secured party or lien holder does not file a third party claim within thirty days after service of the demand, the secured party or lien holder shall be deemed to have waived any priority the security interest or lien may have over the creditor's lien on the personal property levied upon. The property may then be applied toward the satisfaction of the judgment free of the security interest or lien. Cal. Code Civ. Proc. §720.550(a)

### III.

### ANALYSIS

On August 10, 2006, the Court held a hearing on Plaintiff's Motion. Prom appeared at the hearing, claiming that she had an interest in the Navigator. Thereafter, Plaintiff requested, and the Court allowed, that it serve on Prom and Defendant a Demand for Third Party Claim for the Navigator (hereafter "Demand") pursuant to Cal. Code Civ. Proc. §720.510, rather than post an undertaking as required by Cal. Code. Civ. Proc. §708.180(d).

On August 12, 2006, Plaintiff served Prom and Defendant with the Demand. On August 14, 2006, the Demand and a Proof of Service was filed with the Court. A Third Party Claim was not filed with the Court.

On September 19, 2006, the Court held another hearing on Plaintiff's Motion. Prom appeared at the hearing, claiming she had an interest in the Navigator.

Since Prom and Defendant did not file a Third Party Claim to the Navigator, they are deemed to have waived any priority they may have had over Plaintiff's claim to the Navigator. Therefore, the

Navigator may be applied toward the satisfaction of the judgment at issue in this case, free of any security interest possessed by Prom or Defendant. Cal. Code Civ. Proc. §720.550.

While Prom claims an interest in the Navigator, Plaintiff claims that the Navigator remains registered to Defendant. Further, Plaintiff alludes that Defendant did not legitimately transfer the Navigator to Prom because Defendant and Prom have been social and financial partners and Defendant allegedly transferred the Navigator, worth $15,000 at the time of the transfer, in satisfaction of a $3,000 debt to Prom. Based on Plaintiff's Motion and documents submitted in support thereof, the Court finds that there is a factual dispute regarding the ownership of the Navigator, which cannot be resolved until the Court determines the interests in the Navigator. Thus, the Court RECOMMENDS that Plaintiff's Motion for Turnover Order in Aid of Execution be GRANTED and that Prom be enjoined from transferring or otherwise disposing of the Navigator, pursuant to § 708.180(d), until the Court determines the interests in the Navigator.

## IV.

## CONCLUSION AND RECOMMENDATION

After a review of Plaintiff's Motion and supporting documents, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Motion for a Turnover Order in Aid of Execution be GRANTED and the Court issue an injunction pursuant to Cal. Code. Civ. Pro. 708.180(d) forbidding Kimsonn Prom from transferring or otherwise disposing of the Navigator pending a determination of the interests in the Navigator.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1) (West 2006).

**IT IS ORDERED** that no later than October 13, 2006, any party to this action may file written objections with the Court and serve a copy on all parties, pursuant to 28 U.S.C. § 636(b)(1). The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than November 3, 2006. The parties are advised that failure to file objections within the specified time may constitute a waiver of the right to raise those objections on

appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 20, 2006

_____
Hon. Leo S. Papas
U.S. Magistrate Judge

cc:  Kimsonn Prom
     32873 Canyon Crest St.
     Wildomar, CA 92585