1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11  THE REDEVELOPMENT AGENCY OF   )    Civil No. 02-CV-0097-L(LSP)
    THE CITY OF SAN DIEGO,        )
                                  )    **ORDER (1) ADOPTING THE REPORT**
12              Plaintiff,        )    **AND RECOMMENDATION AS**
                                  )    **MODIFIED; (2) DENYING WITHOUT**
13  v.                            )    **PREJUDICE PLAINTIFF'S MOTION**
                                  )    **FOR A TURNOVER ORDER; AND (3)**
14  ROBIN HARTLEY,                )    **ENJOINING THIRD PARTY KIMSONN**
                                  )    **PROM PURSUANT TO CAL. CIV.**
15              Defendant.        )    **PROC. CODE § 708.180(d)**
    _____)

16

17       Plaintiff The Redevelopment Agency of the City of San Diego ("RDA") filed a Motion

18  for a Turnover Order in Aid of Execution ("Motion") in an effort to obtain partial satisfaction of

19  the default judgment in the amount of over $170,000, which was entered against Defendant

20  Robin Hartley ("Hartley") on October 15, 2002.  According to RDA, Hartley has not made any

21  payment toward the judgment, and the judgment remains wholly unsatisfied.

22       The Motion seeks the turnover of a green 1998 Lincoln Navigator, Oregon license plate

23  number YYH189, which is registered in Hartley's name but is in possession of Third Party

24  Kimsonn Prom ("Prom").  At her judgment debtor examination, Prom explained she received the

25  vehicle from Hartley on December 1, 2005 in satisfaction of a $3,000 debt he owed her.

26  According to RDA, the vehicle had a Kelly Blue Book value of $15,000 at that time.

27       On May 31, 2006, the Motion was referred to Magistrate Judge Leo S. Papas for a report

28  and recommendation pursuant to 28 U.S.C. § 636(b)(3).  On September 20, 2006, Judge Papas

1   issued a Report and Recommendation Granting Motion for Turnover Order in Aid of Execution

2   and Recommending Injunction Pursuant to California Code of Civil Procedure § 708.180(d)

3   ("Report and Recommendation").  Neither party objected to the Report and Recommendation.

4          A district judge "may accept, reject, or modify the recommended decision" on a

5   dispositive matter prepared by a magistrate judge proceeding without the consent of the parties

6   for all purposes.  Fed. R. Civ. P. 72(b).  "The district judge to whom the case is assigned shall

7   make a de novo determination . . . of any portion of the magistrate judge's disposition to which

8   specific written objection has been made . . .."  *Id*.  The district judge need not review the

9   magistrate judge's findings and recommendations in the absence of objections.  *See United*

10  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).  However, review is not

11  precluded in the absence of objections.

12         Federal Rule of Civil Procedure 69 provides for the enforcement of money judgments

13  obtained in Federal Court "in accordance with the practice and procedure of the state in which

14  the district court is held, . . .."  Accordingly, California's detailed and comprehensive scheme,

15  Enforcement of Judgments Law, Cal. Civ. Proc. Code §§ 680.101-724.260, governs the manner

16  and extent to which civil judgments are enforceable.  *See Imperial Bank v. Pim Elec., Inc.*, 33

17  Cal. App. 4th 540, 546 (1995).

18         Under these provisions, a judgment creditor may apply to a court for a judgment debtor

19  examination, which may include examination of third parties in possession or control of the

20  debtor's property:

21         Examination proceedings (also called proceedings in aid of execution or
           supplementary proceedings) are one of several special procedures designed to aid
22         judgment creditors.  They permit the judgment creditor to examine the judgment
           debtor, or third persons who have property of or are indebted to the judgment
23         debtor, in order to discover property and apply it toward the satisfaction of the
           money judgment.

24

25  *Id*. at 546-47.  In examination proceedings, the court "may order the person examined, be it the

26  judgment debtor or a third person, to deliver property or funds to a levying officer or directly to

27  the judgment creditor."  *Id*. at 547; *see also* Cal. Civ. Proc. Code § 708.205 (third party orders).

28  / / / / /

02cv0097

1    RDA examined Prom pursuant to this procedure, discovered she was in possession of

2 Hartley's vehicle, and that she asserted an interest in the vehicle, since she claimed she received

3 it from Hartley in repayment of a debt he owed her.  RDA filed the instant Motion in an attempt

4 to obtain turnover of the vehicle and its related documents of title.  (Mot. at 4.)

5    On August 10, 2006, the Magistrate Judge held a hearing on the Motion.  Prom appeared

6 and claimed she had an interest in Navigator.[1]  (R&R at 3.)  On September 19, 2006, the

7 Magistrate Judge held another hearing on RDA's Motion, Prom again appeared, and she again

8 claimed an interest in the vehicle.  (R&R at 3.)

9    One of the procedures applicable to this circumstance is embodied in section 708.180,

10 which authorizes the court to determine the interests in the property when a third party claims an

11 interest adverse to the judgment debtor.[2]  Cal. Civ. Proc. Code § 708.180(a); *see also Evans v.*

12 *Paye*, 32 Cal. App. 4th 265 (1995).

13    The Magistrate Judge did not make a determination of the interests in the Navigator.

14 Based on the evidence before him, he recommended an order issue pursuant to section

15 708.180(d), forbidding Prom from transferring or otherwise disposing of the Navigator until

16 such a determination could be made.  (R&R at 4.)  In order to make this recommendation, the

17 Magistrate Judge must have "determine[d] that the judgment debtor probably owns an interest in

18

19    [1]    In light of this claim, RDA obtained leave from the Magistrate Judge to serve Prom and
Hartley with a Judgment Creditor's Demand for Third Party Claim pursuant to California Civil
Procedure Code Section 720.530.  The demand as well as section 720.530 are directed at persons
20 claiming a security interest or lien in the property.  Neither Prom nor Hartley filed a claim or otherwise
responded to the demand.  To the extent either of them claimed a security interest or lien in the
21 Navigator, they are deemed to have waived any priority they may have over RDA's claim.  *See* Cal. Civ.
Proc. Code § 720.550(a).
22    However, since Prom claims an ownership or possessory interest in the vehicle, her
failure to respond or file a claim is irrelevant to the ultimate outcome of the Motion.  "The third-party
23 claims procedure . . . may be utilized to assert superior claims of ownership or right to possession where
personal property has been levied upon."  *Regency Outdoor Adver. v. Carolina Lanes, Inc.*, 31 Cal. App.
24 4th 1323, 1329 (1995).  This procedure is "optional and the third-party does not waive a superior
interest in the property levied upon by failure to make such a third-party claim."  *Id*.; *see also* Cal. Civ.
25 Proc. Code § 720.110 ("A third person claiming ownership or the right to possession of property *may*
make a third party claim") (emphasis added).
26

27    [2]    The alternative procedure is a creditor's suit pursuant to section 708.210 *et seq*.  *Evans v.*
*Paye*, 32 Cal. App. 4th 265, 276-77 (1995).  This procedure is considered more expensive and
cumbersome than a section 708.180 hearing, which is generally applicable to the "normal case."  *Id*.
28 The circumstances when the determination of interests in property can not be made at a section 708.180
hearing are enumerated in section 708.180(b).  *Id*. at 280.

02cv0097

1   the property." Cal. Civ. Proc. Code  708.180(d).  Although he does not expressly make this

2   finding in the Report and Recommendation, the court finds it is implied, since it is legally

3   required and reasonably supported by the record.  Accordingly, the Report and Recommendation

4   is **MODIFIED** to include this requisite finding as a proposed finding, which this court adopts.

5          The proposed section 708.180(d) injunction does not afford RDA the relief sought in its

6   Motion, since RDA sought a turnover order pursuant to section 708.205(a).  Accordingly, the

7   Report and Recommendation is **MODIFIED** to the extent it recommends that RDA's Motion be

8   granted at this time.  The Magistrate Judge found "there is a factual dispute regarding the

9   ownership of the Navigator, which cannot be resolved until the Court determines the interests in

10  the Navigator." (R&R at 4.)  Based on this finding, a turnover order can not issue at this time.  It

11  can only issue *after* a determination of interests in the Navigator.  *See* Cal. Civ. Proc. Code

12  708.180(a) & (d); *see also* § 708.205(b).

13         For the foregoing reasons, it is hereby **ORDERED** as follows:

14         1.  The Report and Recommendation Granting Motion for Turnover Order in Aid of

15  Execution and Recommending Injunction Pursuant to California Code of Civil Procedure

16  § 708.180(d), filed September 20, 2006, is **ADOPTED AS MODIFIED**.

17         2. Third Party Kimsonn Prom is hereby **ENJOINED** pursuant to California Civil

18  Procedure Code Section 708.180(d) from transferring or otherwise disposing of the 1998

19  Lincoln Navigator, Oregon license plate number YYH189, to any person until the interests in

20  this vehicle are determined.  The Preliminary Injunction issued on September 29, 2006 is hereby

21  superseded.

22         3.  RDA's Motion is **DENIED WITHOUT PREJUDICE** to seeking a determination of

23  the interests in the Navigator pursuant to California Civil Procedure Code Section 708.180(a).  If

24  RDA desires to move for such a determination, it is instructed to contact the chambers of

25  / / / / /

26  / / / / /

27  / / / / /

28  / / / / /

02cv0097

1  Magistrate Judge Leo S. Papas to secure any scheduling, filing and/or hearing dates, as this

2  matter was referred to him by order filed May 31, 2006.

3

4       **IT IS SO ORDERED.**

5

6  DATED:  December 5, 2006

7  
                                       M. James Lorenz

8                                         United States District Court Judge

9  COPY TO:

10  HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

11  ALL PARTIES/COUNSEL

12  KIMSONN PROM

13  32873 CANYON CREST STREET
WILDOMAR, CA 92585

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

           02cv0097